## INHABITANTS OF FRANKLIN *vs.* PHOTIUS FISK.

The owner of land which adjoins a highway may lawfully do any acts upon his own land to prevent surface water from coming thereon from the highway; and may stop up the mouth of a culvert built by the selectmen across the highway, for the purpose of conducting such surface water upon his land, providing he can do so without exceeding the limits of his own land.

BILL IN EQUITY to restrain the defendant from obstructing a culvert built by the plaintiffs across a highway in Franklin.

At the hearing in this court, before *Gray*, J., it appeared that the highway was laid out more than forty years ago, and led up a steep hillside, over which large quantities of surface water flowed. This water had usually flowed down on the upper side of the highway; but finally the plaintiffs built a stone culvert across the highway, extending to the inside of the wall between the highway and the defendant's land, a portion of the wall having been removed for this purpose; and dug a slight trench from the mouth of the culvert two or three feet into the defendant's land, to carry off the water. The defendant protested against this work at the time it was done, and has twice filled up this trench, and made a dam on his own land at the end of the culvert, and stopped up so much of the culvert as was under his wall, and thereby prevented much of the surface water from flowing through the culvert and caused it to flow over the highway and injure the travelled road.

The case was reserved for the determination of the whole court.

*N. F. Safford*, for the plaintiffs.

*A. Churchill*, for the defendant.

CHAPMAN, J. When highways are established, they are located by the public authorities with exactness, and the easement of the public, which consists of the right to make them safe and convenient for travellers, and to use them for public travel, does not·extend beyond the limits of the location. A surveyor of highways who fells a tree upon the adjoining land, *extra viam*, is a trespasser. *Elder* v. *Bemis*, 2 Met. 599. Neither his office

nor the existence of the highway gives him any authority to meddle with the land outside the limits of the highway. The case of *Babcock* v. *Western Railroad,* 9 Met. 553, which is cited for the plaintiffs, is not applicable to the present case. It relates to a right under a railroad charter, and a grant by the land owner to the corporation.

As against an adjoining owner of the fee, the defendant would have had a right to raise the surface of his land or build a structure upon it so high as to prevent any surface water from coming upon it from the adjoining land. *Gannon* v. *Hargadon,* 10 Allen, 106. The public have no greater right to restrain him in the use of his land than they would have had if they had been absolute owners of the land included in the highway. They may raise the level of their travelled path, and do not violate his rights if the effect of their act is to cause the surface water to flow upon his land. And he may also raise his land, or may erect upon it a building or other structure which shall prevent this effect, without violating their rights. *Parks* v. *Newburyport,* 10 Gray, 28. *Flagg* v. *Worcester,* 13 Gray, 601. *Dickinson* v. *Worcester,* 7 Allen, 19.

The right of adjoining proprietors to erect structures upon their land up to the line of the highway is exercised everywhere; and the defendant has the same rights in this respect as if his land were in the midst of a village or city. If by legal acts, done upon his own land, he has prevented the water from passing off from the highway through the plaintiffs' culvert, their only remedy is to dispose of their surface water in some other way.                    *Bill dismissed, with costs.*